JAMES H. TANTUM

v.

CASSANDRA E. TANTUM.

</div>

PRACTICE—INSTRUCTIONS.—Where the evidence is slight and conflicting, the instructions should be accurate, and no statement not warranted by the testimony should be allowed to give additional weight or color to the facts proved.

ERROR to the Circuit Court of Cass county; the Hon.

Tantum v. Tantum.

CYRUS EPLER, Judge, presiding.  Opinion filed January 30, 1880.

Messrs. WHITLOCK & CHANDLER, for plaintiff in error; that the evidence is not sufficient to warrant a divorce, cited Bishop on Marriage and Divorce, § 299; Barber v. Root, 10 Mass. 260; Dorsey v. Dorsey, 7 Watts, 349; Garret v. Garret, 4 Yeates, 244; Dickenson v. Dickenson, 3 Murph. 327.

As to what will constitute extreme and repeated cruelty: Henderson v. Henderson, 88 Ill. 248; Evans v. Evans, 1 Hagg. 36; Vignos v. Vignos, 15 Ill. 186; Turbitt v. Turbitt, 21 Ill. 438; De La Hay v. De La Hay, 21 Ill. 252; Harman v. Harman, 16 Ill. 90; Bukley v. Bukley, 15 Ill. 120; Von Glahn v. Von Glahn, 46 Ill. 134.

Instructions must be based on the evidence: Hamilton v. Hunt, 14 Ill. 472; Holcomb v. Davis, 56 Ill. 413; Hamilton v. Singer Mfg. Co. 54 Ill. 370.

Mr. I. J. KETCHAM and Mr. CHARLES TEIRNEY, for defendant in error; as to what acts of cruelty will be sufficient for a divorce, cited Farnham v. Farnham, 73 Ill. 497; Henderson v. Henderson, 88 Ill. 249.

HIGBEE, J.  This was a proceeding in court below by appellee against appellant for a divorce.  The charge in the bill is extreme and repeated cruelty.  The case was heard by a jury, resulting in a verdict in favor of appellee, upon which the court decreed that she be divorced from her husband.

The evidence upon which the verdict was based was very slight, consisting mostly of the testimony of Mrs. Tantum, which was contradicted in all essential particulars by her husband.

For the complainant below, the court gave the following instructions:

" The court instructs the jury for the complainant, that if they believe, from the evidence, that after the marriage of complainant and defendant they had an altercation in the night time, in the room of complainant and defendant, concerning

some land; and that at the time of such altercation, the defendant, in anger or bad spirit, violently seized or laid hands upon the complainant, and violently dragged or forced her from the bed, using violence in so doing; and that afterwards, on the same night, defendant again roughly seized or violently laid hands upon the complainant, for the purpose of compelling her, against her wish to retire to her bed; and on another occasion, while in a spring wagon upon a public road, in anger or evil spirit, violently struck the complainant with his arm or elbow several times, and then and there threatened to knock her out of the wagon; and, on another occasion, while returning from Petersburg, again intentionally, violently struck complainant with his arm or elbow several times; or, one time again, threatened to knock her out of the wagon in which she was then riding with him, then these acts of defendant (if the jury believe from the evidence they were the acts of defendant) constitute extreme and repeated cruelty under the law, and are sufficient ground for divorce; and, if the jury believe, from a preponderance of the evidence in the case, that the acts of violence, or two or more of them, were committed by the defendant, as above set out, they should find for the complainant on the issue submitted to them in this case."

" The court further instructs the jury, for the complainant, that if they believe from the evidence, that during the existence of the marriage relation between the parties to this suit, the defendant made threats against the life or person of the complainant, and that he constantly carried a revolver in day time, and kept such revolver under his pillow at night; and that such threats were repeated from time to time, by defendant, either to the complainant or to other persons, who communicated them to complainant; and, if the jury further believe, from the evidence, that the defendant was guilty of repeated acts of personal violence towards the complainants; yet, if the jury further believe, from the evidence, that the complainant, from such threats and acts of defendant, had a reasonable apprehension of bodily hurt from the defendant, which showed a state of personal danger incompatible with the duties of married life, then such threats and acts amounted to extreme and repeated cruelty, under the statute."

We have searched this record in vain for any evidence that appellant " threatened to knock his wife out of the wagon," or that " he constantly carried a revolver in day time, and kept such revolver under his pillow at night."

These statements in the instructions characterize the acts of the party, and give a coloring not authorized by the proof. When the evidence is slight and conflicting, the instructions should be accurate, and no statement, not warranted, should be allowed to give additional strength or color to the facts proved.

The practice of selecting portions of the evidence, and making them prominent before the jury by reciting them in the instructions has been repeatedly condemned by the Supreme Court of this State as unfair and improper. But when, as in this case such facts are given still greater effect, by recitals in the instructions of important matters not proved, they can hardly fail to do injustice.

This error may have occurred by inadvertence or by omitting part of the evidence in making up the record. But in either case the result is the same. This court can only try the case by the record as it comes here.

Decree reversed and cause remanded.

Reversed.